Slip Op. 15-19

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| DUPONT TEIJIN FILMS CHINA LIMITED, DUPONT HONGJI FILMS FOSHAN CO., LTD., DUPONT TEIJIN HONGJI FILMS NINGBO CO., LTD., and DUPONT TEIJIN FILMS U.S. LIMITED PARTNERSHIP,<br><br>Plaintiffs,<br><br>TIANJIN WANHUA CO., LTD.,<br><br>Consolidated Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>TERPHANE, INC., MITSUBISHI POLYESTER FILM, INC., and SKC, INC.,<br><br>Defendant-Intervenors. | Before: Jane A. Restani, Judge<br><br>Consol. Court No. 13-00229 |

**OPINION**

[Commerce's remand results regarding valuation of recycled input and brokerage and handling expenses in antidumping administrative review sustained.]

Dated: February 27, 2015

John D. Greenwald, Jonathan M. Zielinski, and Thomas M. Beline, Cassidy Levy Kent (USA) LLP, of Washington, DC, for plaintiffs.

David J. Craven, David A. Riggle, and Saichang Xu, Riggle & Craven, of Chicago, IL, for plaintiff-intervenor.

Melissa M. Devine, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant.  With her on the brief were Joyce M.

Consol. Court No. 13-00229                                                                                          Page 2

Branda, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.  Of counsel on the brief was Michael T. Gagain, Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC.

Restani, Judge: This matter is before the court following a remand to the U.S. Department of Commerce ("Commerce") of its final results in the third antidumping duty administrative review of polyethylene terephthalate ("PET") film, sheet, and strip from the People's Republic of China.  See DuPont Teijin Films China Ltd. v. United States, 7 F. Supp. 3d 1338 (CIT 2014);  Polyethylene Terephthalate Film, Sheet, and Strip From the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2010–2011, 78 Fed. Reg. 35,245 (Dep't Commerce June 12, 2013) ("Final Results").  In the initial court proceedings, plaintiffs (collectively "DuPont") argued that Commerce misvalued DuPont's recycled PET chips, indirect selling expenses, and brokerage and handling expenses.  DuPont Teijin Films, 7 F. Supp. 3d at 1342.  Consolidated plaintiff Tianjin Wanhua Co., Ltd. ("Wanhua") challenged Commerce's selection of mandatory respondents, which did not include Wanhua, and Commerce's decision to assign DuPont's rate to Wanhua.  Id.  DuPont and Wanhua also argued that Commerce improperly used the targeted dumping analysis in administrative reviews.  Id.

The court remanded to Commerce for it to reconsider its valuation of DuPont's recycled PET chip and brokerage and handling issues expenses.  Id. at 1359.  Regarding the recycled PET chip, the court held that Commerce's valuation of DuPont's recycled PET chip input as virgin PET chip while denying DuPont a by-product offset for the recyclable PET chips produced in the manufacturing process was unreasonable because it resulted in double counting.  Id. at 1347–48. The court gave Commerce the option of either valuing the recycled PET chip input at zero or

Consol. Court No. 13-00229                                                                                           Page 3

providing a by-product offset for the recycleable PET chip produced.  <u>See</u> <u>id.</u> at 1348 & n6.  Regarding the brokerage and handling expenses, the court held that Commerce's calculations of DuPont's customs clearance costs and document preparation expenses were unreasonable because it assumed that these expenses would be based on the weight of a container rather than based on a shipment as a whole.  <u>Id.</u> at 1351–52.  The court suggested that an appropriate calculation methodology for these expenses would be to divide the surrogate values for these costs over the weight of an entire shipment rather than the weight of a single container.  <u>Id.</u> at 1352.  The court sustained Commerce's <u>Final Results</u> in all other respects, but instructed that Wanhua should benefit from any changes to DuPont's rate following remand, as Wanhua was assigned DuPont's rate in the <u>Final Results</u>.  <u>Id.</u> at 1359.

On remand, Commerce granted DuPont a by-product offset for the recyclable PET waste it produces.  <u>See</u> Final Results of Redetermination Pursuant to Court Remand, ECF No. 86, at 7–8 ("<u>Remand Results</u>").  Commerce also divided the surrogate values for the document preparation and customs clearance costs by the weight of DuPont's shipments.  <u>Id.</u> at 8.  DuPont's dumping margin decreased from 12.80 percent to 4.42 percent.  <u>Id.</u> at 9.  Commerce applied this decrease to Wanhua's rate as well.  <u>Id.</u>  Commerce's <u>Remand Results</u> comply with the court's remand order and are supported by substantial evidence, and no party has objected to the <u>Remand Results</u>.

Consol. Court No. 13-00229 Page 4

For the foregoing reasons, Commerce's <u>Remand Results</u> are SUSTAINED. Judgment will issue accordingly.

  <u>/s/ Jane A. Restani</u>
Jane A. Restani
Judge

Dated: February 27, 2015
      New York, New York